**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARIE G. LAMB, | : | |
| *Plaintiff*, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 21-638 |
| | : | |
| CVS HEALTH, | : | |
| *Defendant*. | : | |

**MEMORANDUM**

**JONES, II  J.**                                                                          **October 15, 2021**

**I.     INTRODUCTION**

When Marie Lamb ("Plaintiff") and her son, Thomas, wanted to convert thirty (30) years' worth of family video home system ("VHS") tapes into digital versatile discs ("DVDs"), they sought out and utilized CVS ("Defendant")'s conversion services. Somehow, the tapes were either lost, misplaced, or destroyed. Defendant has never provided Plaintiff with an explanation of how the tapes were lost or what efforts were made to locate them. Because of this, Plaintiff filed suit. Presently before the Court is Defendant's Partial Motion to Dismiss the following claims from Plaintiff's Amended Complaint: Count III (negligent infliction of emotional distress ("NIED")) and Count IV (fraud—failure to disclose). Additionally, Defendant claims Plaintiff has pleaded insufficient facts to warrant punitive damages. For the reasons outlined herein, Defendant's Partial Motion to Dismiss (hereinafter "Motion") is granted.

**II.    STATEMENT OF FACTS**

Because both the parties and the Court are familiar with the facts of this case, and they are outlined at length in this Court's May 28, 2021 Opinion (ECF No. 7), the Court will not reiterate them herein.

**III.    PROCEDURAL HISTORY**

On or about January 7, 2021, Plaintiff commenced this action against Defendant in the Court of Common Pleas of Philadelphia County, PA. *See* Notice of Removal, ECF No. 1. Pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, Defendant removed the action to the United States District Court for the Eastern District of Pennsylvania on February 11, 2021. *See* Notice of Removal. On March 8, 2021, Defendant filed an Answer to Plaintiff's Complaint (ECF No. 3), and on March 31, 2021, Defendant filed a Partial Motion for Judgment on the Pleadings (ECF No. 4). After considering Plaintiff's Response in Opposition (ECF No. 5) and Defendant's Reply in Support of the Motion (ECF No. 6), on May 28, 2021, the Court granted in part and denied in part said Motion (ECF Nos. 7 & 8). The Court's Order dismissed Counts II and IV of Plaintiff's Complaint and allowed her thirty (30) days to amend.

On July 1, 2021,[1] Plaintiff filed an Amended Complaint, asserting new claims of NIED (Count III) and fraud under a failure to disclose theory (Count IV). ECF No. 9. On July 19, 2021, Defendant filed the present Partial Motion to Dismiss for Failure to State a Claim (ECF No. 10), arguing that Plaintiff's two (2) recently added allegations and her request for punitive damages must be dismissed. On August 9, 2021, Plaintiff submitted a Response in Opposition (hereinafter "Response") (ECF No. 13), and on August 23, 2021, Defendant submitted a Reply in Further Support of its Motion (hereinafter "Reply") (ECF No. 14). With these filings, Defendant's Motion is ripe for the Court's review.

---

[1] Though this July 1, 2021 date is more than thirty (30) days after the May 28, 2021 Order, the date at the bottom of the Amended Complaint lists the date of Plaintiff's electronic signature to be June 28, 2021. Because Defendant does not raise any objection as to the timeliness of Plaintiff's Amended Complaint, the Court will consider Plaintiff's Amended Complaint timely for purposes of the present opinion.

IV.    **STANDARD OF REVIEW**

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true [and construed in the light most favorable to the plaintiff,] to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S., at 678. To survive the plausibility standard, Plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully." *Id*. Whether Plaintiff has met this standard requires the court to make a fact-specific determination that relies on "judicial experience and common sense." *Id*. at 679.

In making this determination, the Court follows three steps. "First, the factual and legal elements of a claim should be separated." *Fowler v. UPMC*, 578 F.3d 203, 210 (3d Cir. 2009). The "District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id*. at 211 (quoting *Iqbal*, 556 U.S., at 679). Finally, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S., at 679.

V.    **DISCUSSION**

    **A. Count III: Plaintiff's NIED Claim**

In Count III of her Amended Complaint, Plaintiff states that "[a]s a result of [Defendant's] negligence, [she] has suffered damages, including emotional distress[.]" Am. Compl. ¶ 24. Plaintiff appears to further clarify that this emotional distress amounted to frustration and upset. Am. Compl. ¶¶ 10, 12. Defendant has presently moved for dismissal of Plaintiff's NIED Claim, arguing that Plaintiff has, once again, failed to plead a physical

manifestation of an alleged emotional injury.[2]  Mot. 8.  Plaintiff responds that the frustration and upset noted in her Amended Complaint is sufficient to constitute a physical injury.  Response 3.  Alternatively, Plaintiff requests leave to file another amended complaint to list her physical injuries with further specificity.  Response 3-4.  Having reviewed the filings, the Court agrees with Defendant.

"In Pennsylvania, a claim of negligent infliction of emotional distress is limited to situations in which: (1) the defendant owed the plaintiff a fiduciary or contractual duty; (2) the plaintiff was subjected to a physical impact; (3) the plaintiff reasonably experienced a fear of impending physical injury; or (4) the plaintiff observed a tortious injury to a close relative." *Credico v. Unknown Employee of the Houston FBI Forfeiture Unit*, 567 F. App'x 83, 84 (3d Cir. 2014).  "'The general rule of law in Pennsylvania has been that…a claimant may not recover damages for negligently inflicted emotional distress in the absence of a physical manifestation of the emotional distress allegedly suffered.'" *Thompson v. U.S.*, No. 16-3287, 2017 WL 2972679, at *3 (E.D. Pa. July 12, 2017) (quoting *Houston v. Texaco, Inc.*, 538 A.2d 502, 504 (Pa. Super. Ct. 1988)).

As presently stated, Plaintiff's NIED claim fails as a matter of law because she does not allege any specific, physical manifestation of her emotional distress.  Though Plaintiff's Response attempts to interject many physical ailments (i.e. prolonged and severe depression, anxiety headaches, sleepless nights, loss of appetite), her Amended Complaint is completely void of such allegations.  Response 3.  While Plaintiff states that her frustration and upset constitute physical injuries, Plaintiff fails to clarify how these feelings have been physically manifested.  Without such clarification, Plaintiff's NIED claim (Count III) must be dismissed.  Such a

---

[2] In its May 28, 2021 opinion, this Court concluded that Plaintiff failed to allege any physical injury to plead a prima facie case of intentional infliction of emotional distress ("IIED").  Op. 9-10.

conclusion is consistent with historical precedent from this District. *See Estate of Rennick v. Universal Credit Services, LLC*, No. 18-CV-3881, 2019 WL 196539, at *6 (E.D. Pa. Jan. 15, 2019) ("[The] conclusory allegation that [the plaintiff] experienced 'physical manifestations of distress' is not sufficient to support [his NIED] claim."); *Carpino v. U.S.*, No. 02-CV-9522, 2003 WL 21058178, at *1-2 (E.D. Pa. May 13, 2003) (granting dismissal of a plaintiff's NIED claim where he suffered emotional distress and anxiety after his son committed suicide because such allegations are insufficient to warrant a physical injury for NIED); *contra Edmonson v. The Bug Stop, Inc.*, No. 00-CV-2379, 2001 WL 116076, *2 (E.D. Pa. Aug. 16, 2001) (denying a motion to dismiss where a Complaint listed the following alleged physical injuries for NIED: "[a]nxiety; depression; post-traumatic stress disorder; paranoia and sleep deprivation[.]")

Accordingly, Defendant's Motion to Dismiss Count III of Plaintiff's Amended Complaint is granted.

### B. Count IV: Plaintiff's Fraud Claim

Count IV of Plaintiff's Amended Complaint alleges that Defendant's failure to keep her informed and properly explain what happened to her VHS tapes constitutes fraud. Am. Compl. ¶¶ 25-26. Defendant presently moves for dismissal of such claim, arguing that, because these alleged promises occurred after the transaction between Defendant and Plaintiff's son, Thomas, Defendant made no misrepresentation on which Plaintiff relied. Mot. 10-11. Plaintiff responds that, when Defendant entered a bailment contract with her, they assumed the duty to keep Plaintiff informed as to the status of her tapes, and any breach of that duty constitutes fraud. Response 7. However, without any specificity as to alleged fraudulent allegations, Plaintiff fails to meet the heightened pleadings standard for fraud claims. Accordingly, Defendant's motion to dismiss Plaintiff's allegation of fraud must be granted.

"Generally, as a matter of common law, the elements to prove a claim for fraud or deceit are a misrepresentation, a fraudulent utterance thereof, an intention to induce action thereby, justifiable reliance thereon, and damage as a proximate result." *Gnagey Gas & Oil Co., Inc. v. Pa. Underground Storage Tank Indemnification Fund*, 82 A.3d 485, 500 (Pa. Commw. Ct. 2013) (citing *Wilson v. Donegal Mutual Insurance Co.*, 598 A.2d 1310, 1315 (Pa. Super. 1991)). Such a "misrepresentation need not be in the form of a positive assertion but may be concealment of that which should have been disclosed." *Id.* (citing *Wilson*, 598 A.2d at 1315). "Thus, fraudulent concealment, without any misrepresentation or duty to disclose can constitute common-law fraud. This does not mean, however, that simple nondisclosure similarly constitutes a basis for fraud…[While concealment] is characterized by deceptive acts or contrivances intended to hide information [or] mislead,…[nondisclosure] is characterized by mere silence." *Id*; *see Stewart v. Wyoming Cattle Ranch Co.*, 128 U.S. 383, 388 (1888) ("The gist of the action is fraudulently producing a false impression upon the mind of the other party; and if this result is accomplished, it is unimportant whether the means of accomplishing it are words or acts of the defendants, or his concealment or suppression of material facts not equally within the knowledge or reach of the plaintiff.").

Assuming Plaintiff's fraud-based claim is a claim of concealment, a claim for fraud implicates Federal Rule of Civil Procedure 9(b).[3] "Rule 9(b) imposes a heightened pleading standard on fraud-based claims, and provides that '[i]n alleging fraud or mistake, a party *must state with particularity* the circumstances constituting fraud or mistake." *Transp. Ins. Co. v. Am. Harvest Baking Co.*, No. 15-CV-663, 2015 U.S. Dist. LEXIS 168018, *19 (D.N.J. Dec. 16,

---

[3] Federal Rule of Civil Procedure 81 states that the Federal Rules of Civil Procedure "apply to a civil action after it is removed from a state court." Fed. R. Civ. P. 81(c)(1); *see Olmo v. Atlantic City Parasail, LLC*, No. 13-CV-4923, 2016 WL 1704365, at *5 (D.N.J. Apr. 28, 2016) ("[T]he Court applies the federal rules to determine the sufficiency of Plaintiffs' pleading even though the complaint was filed in state court and removed to this Court.").

2015) (citing Fed. R. Civ. P. 9(b)) (emphasis in original).  "Although Rule 9(b) falls short of requiring every material detail of the fraud, such as date, location and time, plaintiffs must use alternative means of injecting precision and some measure of substantiation into their allegations of fraud." *Cal. Pub. Emp.'s Ret. Sys. v. Chubb. Corp.*, 394 F.3d 126, 144 (3d Cir. 2004) (quoting *In re Rockefeller Ctr. Props., Inc. Sec. Litig. V. Rockefeller*, 311 F.3d 198, 216 (3d Cir. 2002)) (internal quotation marks omitted).  The Third Circuit has determined that the heightened pleading standard of 9(b) requires a plaintiff to identify the "who, what, where, when, and how" of the alleged fraud.  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1422 (3d Cir. 1997) (internal quotation marks omitted).

Here, Plaintiff's First Amended Complaint fails to meet this heightened standard.  Plaintiff states that Defendant "repeatedly refused to give [her] the simplest of information so she could…attempt further to trace and track, and hopefully find, the tapes herself."  Am. Compl. ¶ 26.  However, she fails to state with particularity how this constitutes a misrepresentation; how Defendant intended to induce Plaintiff to act; or what damages resulted from Plaintiff's inaction.  Though clearly Defendant has not provided Plaintiff an explanation of what happened to her VHS tapes or DVDs, Plaintiff has failed to state with any particularity how this non-disclosure, or a simple answer of "I do not know," constitutes fraudulent concealment.

Without more, Defendant's Motion to Dismiss Plaintiff's Count IV claim of fraud must be granted.[4]

---

[4] In conjunction with her Count IV claim of fraud, Plaintiff also seeks "an award of punitive and exemplary damages."  *See* Am. Compl.  Because Plaintiff's fraud claim is dismissed at this juncture, any related request for punitive damages must also be dismissed.  Should Plaintiff choose to further amend her Complaint and state a viable claim for fraud, she may also re-assert a claim for punitive damages at that time.

## VI.     CONCLUSION

For the reasons stated above, Defendant's Partial Motion to Dismiss is granted. Accordingly, Counts III and IV of Plaintiff's Amended Complaint and her claims for punitive damages are dismissed. Should Plaintiff wish to file a Second Amended Complaint, she shall have thirty (30) days from the date of this Order to do so.

An appropriate Order follows.

BY THE COURT:

*/s/ C. Darnell Jones, II*
C. DARNELL JONES, II     J.
