## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARIE G. LAMB, | : | |
| *Plaintiff*, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 21-638 |
| | : | |
| CVS HEALTH, | : | |
| *Defendant*. | : | |

### MEMORANDUM

**JONES, II   J.**                                                    **February 18, 2022**

### I.      INTRODUCTION

When Marie Lamb ("Plaintiff") and her son, Thomas, wanted to convert thirty (30) years' worth of family video home system ("VHS") tapes into digital versatile discs ("DVDs"), they sought out and utilized CVS Health ("Defendant")'s conversion services.  Somehow, the tapes were either lost, misplaced, or destroyed.  Defendant has never provided Plaintiff with an explanation of how the tapes were lost or what efforts were made to locate them.  Because of this, Plaintiff filed suit.  Presently before the Court is Defendant's Partial Motion to Dismiss the following claims from Plaintiff's Amended Complaint: Count III (negligent infliction of emotional distress ("NIED")) and Count IV (fraud—failure to disclose/concealment).   Additionally, Defendant claims Plaintiff has provided insufficient facts to warrant punitive damages.  For the reasons outlined herein, Defendant's Partial Motion to Dismiss (hereinafter "Motion") is granted.

### II.     STATEMENT OF FACTS

Because both the parties and the Court are familiar with the facts of this case, and they are outlined at length in this Court's May 28, 2021 Opinion (ECF No. 7), the Court will not reiterate them herein.

### III.    PROCEDURAL HISTORY

On or about January 7, 2021, Plaintiff commenced this action against Defendant in the Court of Common Pleas of Philadelphia County, PA.  *See* Notice of Removal, ECF No. 1.  Pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, Defendant removed the action to the United States District Court for the Eastern District of Pennsylvania on February 11, 2021.  *See* Notice of Removal.  On March 8, 2021, Defendant filed an Answer to Plaintiff's Complaint (ECF No. 3), and on March 31, 2021, Defendant filed a Partial Motion for Judgment on the Pleadings (ECF No. 4).  After considering Plaintiff's Response in Opposition (ECF No. 5) and Defendant's Reply in Support of the Motion (ECF No. 6), on May 28, 2021, the Court granted in part and denied in part said Motion (ECF Nos. 7 & 8).  The Court's Order dismissed Counts II and IV of Plaintiff's Complaint and allowed her thirty (30) days to amend.

On July 1, 2021, Plaintiff filed an Amended Complaint, asserting new claims of NIED (Count III) and fraud under a failure to disclose theory (Count IV).  ECF No. 9.  On July 19, 2021, Defendant filed a Partial Motion to Dismiss for Failure to State a Claim (ECF No. 10), arguing that Plaintiff's two (2) recently added allegations and her request for punitive damages must be dismissed.  The Court granted Defendant's second Partial Motion to Dismiss on October 15, 2021 (ECF Nos. 16 & 17).  Plaintiff then filed a Second Amended Complaint on November 15, 2021 (ECF No. 17), asserting nearly identical counts as her Amended Complaint but inserting additional, factual details.  In response, Defendant has filed their third Partial Motion to Dismiss (ECF No. 18) on December 6, 2021.  Therein, much like their second Partial Motion to Dismiss, they argue that Plaintiff's claims for NIED (Count III) and fraud under a failure to disclose/concealment theory (Count IV) and her request for punitive damages must be dismissed. Plaintiff filed a Response in Opposition (hereinafter "Response") on January 11, 2022 (ECF No.

20), and Defendant filed a Reply in Support of their Motion (hereinafter "Reply") on January 20, 2022.  With these filings, Defendant's Motion is ripe for the Court's review.

## IV.    STANDARD OF REVIEW

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true [and construed in the light most favorable to the plaintiff,] to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S., at 678.  To survive the plausibility standard, Plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully." *Id*.  Whether Plaintiff has met this standard requires the court to make a fact-specific determination that relies on "judicial experience and common sense." *Id*. at 679.

In making this determination, the Court follows three steps.  "First, the factual and legal elements of a claim should be separated." *Fowler v. UPMC*, 578 F.3d 203, 210 (3d Cir. 2009).  The "District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id*. at 211 (quoting *Iqbal*, 556 U.S., at 679).  Finally, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S., at 679.

## V.    DISCUSSION

### A.  Count III: Plaintiff's NIED Claim

In Count III of her Second Amended Complaint, Plaintiff claims that she suffered emotional and physical harm when Defendant assumed a duty to care and attend to Plaintiff's VHS tapes, and Defendant breached that duty.  Second Am. Compl. ¶¶ 24-26.  Defendant has

presently moved for dismissal of Plaintiff's NIED Claim, arguing that this alleged breach is insufficient to warrant a NIED claim because there was not an established special duty between the parties.  Mot. 8.[1]  Plaintiff appears to respond that because Defendant knowingly took possession of its customer's irreplaceable personal property, here, 30 years of family videos, the clear foreseeability of harm that would result from their destruction created a special relationship.  Response 2.  In their Reply, Defendant notes that Plaintiff's Second Amended Complaint is silent as to any facts suggesting Defendant's knowledge regarding the contents of the tapes, so assuming this knowledge is insufficient to create a special relationship between the parties.  Reply 4.  Having reviewed the filings, the Court agrees with Defendant.

"In Pennsylvania, a claim of negligent infliction of emotional distress is limited to situations in which: (1) the defendant owed the plaintiff a fiduciary or contractual duty; (2) the plaintiff was subjected to a physical impact; (3) the plaintiff reasonably experienced a fear of impending physical injury; or (4) the plaintiff observed a tortious injury to a close relative." *Credico v. Unknown Employee of the Houston FBI Forfeiture Unit*, 567 F. App'x 83, 84 (3d Cir. 2014).  Here, Plaintiff's NIED claim appears based entirely on an alleged breach of a contractual or fiduciary duty, so the Court must consider whether Defendant's breach could plausibly constitute NIED.

As the Pennsylvania Supreme Court makes clear, "not all breaches of duties should result in compensable emotional distress claims."  *Toney v. Chester County Hosp.*, 36 A.3d 83, 91 (Pa. 2011).  Rather, "courts have limited the preexisting duty theory of liability to certain categories of special relationships."  *Id*. at 92.  "Such a special relationship must entail 'an implied duty to care for the plaintiff's emotional well-being' and causes emotional harm 'likely to be

---

[1] For reference purposes, the Court will utilize the ECF pagination.

experienced as a visceral and devasting assault on the self[,] such that it resembles physical in its brutality.'" *SJ Abstract v. Old Republic Nat'l Title Ins. Co.*, No. 21-CV-1334, 2021 WL 4847803, at *6 (E.D. Pa. Oct. 14, 2021) (citing *Toney*, 36 A.3d at 95 (alteration and quotations omitted)).  Pennsylvania courts have found that such qualifying special relationships exist in only "extremely limited circumstances."  *Id.*; *see MDB v. Punxsutawney Christian Sch.*, 386 F. Supp. 3d 565, 593 (W.D. Pa. 2019) ("Since *Toney*, Pennsylvania courts have only found certain doctor/patient relationships...and one between an adoption agency and adoptive parents to support such a claim, declining to extend liability any further.").  On the contrary, there exists far more cases where courts have found that a contractual duty does not qualify as a special relationship.  *See Hershman v. Muhlenberg Coll.*, 17 F. Supp. 3d 454, 460 n.8 (listing multiple cases where a qualifying special relationship has not been found); *Kling v. Univ. of Pittsburgh Med. Ctr.*, No. 18-CV-1368, 2020 WL 2832008, at *4 n. 1 (W.D. Pa. May 8, 2020) (same).

Here, Plaintiff is asking the Court to find a special relationship between a drug store and its patron, specifically because the patron was leaving in Defendant's care years of family memories.  However, Defendant is correct that Plaintiff's Second Amended Complaint is completely void of any facts to suggest that Defendant was aware of the tapes' contents. Without any suggestion of such knowledge, Plaintiff's NIED claim must be considered a traditional relationship between a business and its customer and, accordingly, is not the type of special relationship required for NIED.

As stated, Plaintiff's alleged breach of duty amounts to nothing more than a breach of contract claim.  Because Plaintiff's Second Amended Complaint already lists a breach of contract claim (Count II), the Court agrees with Defendant that Plaintiff's NIED claim (Count III) must be dismissed.

### B.  Count IV: Plaintiff's Fraud Claim

Count IV of Plaintiff's Second Amended Complaint alleges that Defendant failed to keep her informed and properly explain what happened to her VHS tapes, and alleged promises by Defendant's employees deterred her from conducting her own, independent investigation. Second Am. Compl. ¶¶ 38.  She asserts that these actions, collectively, constitute fraud through a failure to disclose/concealment theory.  Similar to arguments presented in their second Partial Motion Dismiss, Defendant argues that because these alleged promises occurred after the transaction between Defendant and Plaintiff's son, Thomas, so Defendant made no false representation to induce Plaintiff to enter into another agreement.  Mot. 11-12.  They further argue that such a relationship is nothing more than a breach of contract allegation and categorizing this as fraud is barred by the gist-of-the-action doctrine.  Reply 5.  Plaintiff responds that contractual consideration is not a requirement for a claim of fraud, and Defendant's promises to search for the tapes, which Plaintiff appears to imply is a lie, were meant to placate Plaintiff and put off her independent investigation.  Response 3-4.  However, without any specificity as to alleged fraudulent allegations, Plaintiff fails to meet the heightened pleadings standard for fraud claims.  Accordingly, Defendant's motion to dismiss Plaintiff's allegation of fraud must be granted.

"Generally, as a matter of common law, the elements to prove a claim for fraud or deceit are a misrepresentation, a fraudulent utterance thereof, an intention to induce action thereby, justifiable reliance thereon, and damage as a proximate result." *Gnagey Gas & Oil Co., Inc. v. Pa. Underground Storage Tank Indemnification Fund*, 82 A.3d 485, 500 (Pa. Commw. Ct. 2013) (citing *Wilson v. Donegal Mutual Insurance Co.*, 598 A.2d 1310, 1315 (Pa. Super. 1991)).  Such a "misrepresentation need not be in the form of a positive assertion but may be concealment of that which should have been disclosed." *Id.* (citing *Wilson*, 598 A.2d at 1315).  "Thus,

fraudulent concealment, without any misrepresentation or duty to disclose can constitute common-law fraud.  This does not mean, however, that simple nondisclosure similarly constitutes a basis for fraud…[While concealment] is characterized by deceptive acts or contrivances intended to hide information [or] mislead,…[nondisclosure] is characterized by mere silence." *Id*; *see Stewart v. Wyoming Cattle Ranch Co.*, 128 U.S. 383, 388 (1888) ("The gist of the action is fraudulently producing a false impression upon the mind of the other party; and if this result is accomplished, it is unimportant whether the means of accomplishing it are words or acts of the defendants, or his concealment or suppression of material facts not equally within the knowledge or reach of the plaintiff.").

Because Plaintiff's fraud-based claim is a claim of concealment, a claim for fraud implicates Federal Rule of Civil Procedure 9(b).[2]  "Rule 9(b) imposes a heightened pleading standard on fraud-based claims, and provides that '[i]n alleging fraud or mistake, a party *must state with particularity* the circumstances constituting fraud or mistake." *Transp. Ins. Co. v. Am. Harvest Baking Co.*, No. 15-CV-663, 2015 U.S. Dist. LEXIS 168018, *19 (D.N.J. Dec. 16, 2015) (citing Fed. R. Civ. P. 9(b)) (emphasis in original).  "Although Rule 9(b) falls short of requiring every material detail of the fraud, such as date, location and time, plaintiffs must use alternative means of injecting precision and some measure of substantiation into their allegations of fraud." *Cal. Pub. Emp.'s Ret. Sys. v. Chubb. Corp.*, 394 F.3d 126, 144 (3d Cir. 2004) (quoting *In re Rockefeller Ctr. Props., Inc. Sec. Litig. v. Rockefeller*, 311 F.3d 198, 216 (3d Cir. 2002)) (internal quotation marks omitted).  The Third Circuit has determined that the heightened pleading standard of 9(b) requires a plaintiff to identify the "who, what, where, when, and how"

---

[2] Federal Rule of Civil Procedure 81 states that the Federal Rules of Civil Procedure "apply to a civil action after it is removed from a state court."  Fed. R. Civ. P. 81(c)(1); *see Olmo v. Atlantic City Parasail, LLC*, No. 13-CV-4923, 2016 WL 1704365, at *5 (D.N.J. Apr. 28, 2016) ("[T]he Court applies the federal rules to determine the sufficiency of Plaintiffs' pleading even though the complaint was filed in state court and removed to this Court.").

of the alleged fraud.  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1422 (3d Cir.

1997) (internal quotation marks omitted).

      Here, Plaintiff's Seconded Amended Complaint still fails to meet this heightened

standard.  Likely as a response to this Court's last order and opinion, she adds numerous details

regarding what was said by certain employees, settlement offers made to Plaintiff, and how

Plaintiff felt as a response to these statements.  However, Plaintiff still fails to state with

particularity how Defendant's responses constitute any misrepresentation or what damages

actually resulted from Plaintiff's inaction.  Though clearly Defendant has not provided Plaintiff

an explanation of what happened to her VHS tapes, Plaintiff has failed to state with any

particularity how this non-disclosure, or a simple answer of "I do not know," constitutes

fraudulent concealment.[3]

      Rather, the Court agrees with Defendant that Plaintiff's present allegations appear to

amount to a potential breach of an oral contract between the parties.  Recasting such an argument

as a claim of fraud is barred by the gist-of-the-action doctrine.  The gist-of-the-action doctrine

"preclude[s] a plaintiff from re-casting ordinary breach of contract claims into tort claims." *Hart*

*v. Arnold*, 884 A.2d 316, 339 (Pa. Super. Ct. 2005).  The tort claims barred are those:

> (1) arising solely from a contract between the parties; (2) where the duties
> allegedly breached were created and grounded in the contract itself; (3) where the
> liability stems from a contract; or (4) where the tort claim essentially duplicates a
> breach of contract claim or the success of which is wholly dependent on the terms
> of the contract.

*Id*. (internal citations omitted).  "The gist-of-the-action doctrine is a theory under common law

'designed to maintain the conceptual distinction between breach of contract claims and tort

---

[3] Though Plaintiff asks the Court to allow discovery to proceed before ruling on the present Motion so she may learn
what actually happened to her lost video tapes, dismissal of Plaintiff's fraud and NIED claims will not prevent such
investigation because Plaintiff still has a surviving claim for replevin and breach of contract.

claims.'" *Frank C. Pollara Group, LLC v. Ocean View Inv. Holding, LLC*, 784 F.3d 177, 186 (3d Cir. 2015) (quoting *eToll, Inc. v. Elias/Savion Adver., Inc.*, 811 A.2d 10, 13 (Pa. Super. Ct. 2002)).

Here, Plaintiff has failed to show that Defendant is liable, independent from any alleged breach of the bailment contract, in tort (fraud).  Without more, Defendant's Motion to Dismiss Plaintiff's Count IV claim of fraud must be granted.[4]

## VI.    CONCLUSION

For the reasons stated above, Defendant's third Partial Motion to Dismiss is granted. Accordingly, Counts III and IV of Plaintiff's Second Amended Complaint and her claims for punitive damages are dismissed with prejudice.

An appropriate Order follows.

BY THE COURT:

*/s/ C. Darnell Jones, II*
C. DARNELL JONES, II      J.

---

[4] In conjunction with her Count IV claim of fraud, Plaintiff also seeks "an award of punitive and exemplary damages."  Second Am. Compl. ¶ 38.  Because Plaintiff's fraud claim is dismissed, any related request for punitive damages must also be dismissed.